IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ARTURO VIEYRA, <br><br> Petitioner, <br><br> v. <br><br> GERARDO ACEVEDO, Warden, <br><br> Respondent. | Civil Action No.: 09 C 2548 <br><br> Suzanne B. Conlon, Judge |

## **MEMORANDUM OPINION AND ORDER**

In 2003, a state court jury convicted petitioner Arturo Vieyra of attempted murder and aggravated domestic battery. The trial court merged the two counts and sentenced Vieyra to a 30-year prison term. Having exhausted his state appeals, Vieyra petitions *pro se* for a writ of *habeas corpus* against respondent Gerardo Acevedo, Warden of the Hill Correctional Center in Galesburg, Illinois. For the following reasons, his petition is denied.

### BACKGROUND

Factual findings of state courts are presumed to be correct in a federal *habeas* proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Vieyra does not present any evidence contrary to the findings of the Illinois courts. Accordingly, the following facts are taken from the Illinois appellate court's resolution of petitioner's direct appeal, *People v. Vieyra*, No. 1-03-3534, slip op. (Ill. App. Ct. 1st Dist., Oct. 19, 2005), filed in this case as Exhibit D.

On May 8, 2002, Sany Delamora was walking to her Chicago home when she saw Vieyra. At the time, Delamora and Vieyra were married, but separated. Vieyra insisted on speaking with

her, but she refused. He then began to punch and kick her in the face and body. After trying unsuccessfully to drag Delamora toward the street, Vieyra continued to hit her and push her head into the ground. The violence stopped momentarily. Delamora saw Vieyra go to his car and return with a knife. She remembers feeling heat all over her body but cannot recall anything thereafter. She next recalls waking up in the hospital.

Rose Aguilar witnessed the incident from her nearby window. Aguilar saw Vieyra try to carry Delamora, but then leave her on the ground while he went to a car parked on the street. Vieyra returned from the car and continued hitting Delamora, but Aguilar noticed his hands were moving differently than before. When Aguilar saw Vieyra trying to put Delamora in the car, she screamed, causing him to drop Delamora and drive away. Police officers unsuccessfully searched for Vieyra, and on May 13, 2002, obtained a warrant for his arrest. Two months later, Vieyra was taken into custody in Dallas, Texas and was returned to Chicago for trial.

Dr. Michelle Holevar, the director of trauma surgery at Mt. Sinai Hospital, testified that Delamora suffered several stab wounds to her chest and abdomen, and minor wounds to her left hip and knee. She incurred two life-threatening wounds; one to her chest that damaged two heart chambers, and one to her abdomen, which damaged her liver. Delamora remained in the hospital for over one month, where her wounds were successfully treated.

The prosecution sought to introduce twelve instances of other crimes committed by Vieyra, consisting of prior acts of domestic violence perpetrated by him against Delamora and his failure to abide by an order of protection. After balancing the probative weight of this evidence against any unfair prejudice to Vieyra, the trial court allowed the state to introduce evidence of five incidents closest in time to May 8, 2002 in order to establish his intent.

2

Testifying in his own defense, Vieyra stated he went to see Delamora that day at her request. Once he arrived, they talked about their marital problems and children, as well as a possible reconciliation. During the conversation, Delamora began making threats toward him and the children. She then removed a knife from her purse and threatened to hurt herself. Unable to gain control of the knife, Vieyra watched as Delamora began cutting herself. Vieyra claimed he never stabbed her or had control of the knife, nor did he intend to kill her. After she fell to the ground, he simply panicked and drove away. On cross-examination, Vieyra denied previously telling Assistant State's Attorney Taraska that he admitted to his girlfriend that he killed Delamora.

In rebuttal, the parties stipulated that if called to the stand, Taraska would testify that when confronted with his admission to another individual, Vieyra first denied it and then stated he only meant he did not know whether she was alive or dead after the stabbings. Following argument and deliberations, the jury found Vieyra guilty of attempted first-degree murder and aggravated domestic battery. After reviewing evidence in aggravation and mitigation, the court sentenced him to 30 years in prison.

On his direct appeal, Vieyra argued the trial court erred in refusing his negotiated guilty plea and in failing to conduct a fitness hearing, and that his constitutional rights were violated when he was ordered to submit a DNA sample pursuant to state law. Ex. A at 2. The appellate court affirmed Vieyra's conviction, finding the trial court did not abuse its discretion in refusing the guilty plea and declining to hold a fitness hearing, and that the constitutional challenge to compulsory DNA submission was without merit. Ex. D at 10-17. Vieyra then petitioned the Illinois Supreme Court for leave to appeal, arguing only that the state law requiring the extraction

of his blood and storage of his DNA, 730 ILCS 5/5-4-3, violated his right to be free from unreasonable searches and seizures. Ex. E at 3. The Illinois Supreme Court denied his petition for leave to appeal. Ex. F.

In March 2007, Vieyra filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122 *et seq.*, which permits state prisoners to seek relief for violations of the United States or Illinois Constitutions. 725 ILCS 5/122-1(a)(1). In his petition, Vieyra asserted the following claims: (1) his trial counsel was ineffective for failing to adequately prepare a defense, failing to properly use peremptory challenges during jury selection, failing to request an aggravated battery jury instruction, failing to gather evidence to contradict Delamora's testimony, and improperly stipulating to Taraska's testimony; (2) the trial court erroneously admitted other crimes evidence; and (3) his counsel on direct appeal was ineffective for failing to raise these issues. Ex. G. The circuit court denied the petition as "frivolous and patently without merit." Ex. H at 14. The Office of the State Appellate Defender was appointed to represent Vieyra on his appeal from the denial of the post-conviction petition. After reviewing the record, the State Appellate Defender sought leave to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), claiming that an appeal would be without arguable merit. Ex. I. The Illinois appellate court agreed, simultaneously granting leave to withdraw and affirming the denial of his post-conviction petition. Ex. K. Vieyra sought leave from the Illinois Supreme Court to appeal the decision, but was denied. Exs. L and M.

Vieyra petitions this court for a writ of *habeas corpus* under 28 U.S.C. § 2254. His petition raises three claims: (1) the trial court violated his constitutional rights to equal protection and due process of law by admitting into evidence previous reports of domestic violence; (2) his

4

trial counsel was ineffective for stipulating to Taraska's testimony and for failing to investigate and cross-examine Delamora concerning her mental history and prior false claims of assault; and (3) his appellate counsel was ineffective for failing to raise these issues on direct appeal.

After filing his *habeas* petition, Vieyra sought leave from the state court to file a successive post-conviction petition pursuant to 725 ILCS 5/122-1(f). Ex. N. Illinois law contemplates the filing of only one petition, but a state court can grant leave to file a second post-conviction petition if a prisoner demonstrates cause for his failure to bring the claim in his first petition and prejudice results from that failure. 725 ILCS 5/122-1(f). This most recent petition asserted ineffective assistance of trial counsel, though it rested on allegations not presented in Vieyra's initial post-conviction petition or in this *habeas* petition. On August 21, 2008, the Illinois court denied his request to file a second petition. Ex. O.

## DISCUSSION

### I. Standard of Review

A federal district court may issue a writ of *habeas corpus* for a person imprisoned pursuant to a state court criminal judgment only if the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A decision is "contrary to" Supreme Court precedent if the state court reached a result opposite to that reached by the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To obtain relief under the

"unreasonable application" prong, a petitioner must show that the state court's decision unreasonably applied clearly established Supreme Court precedent by extending a rule to a context where it should not have applied or by refusing to extend a rule to a context where it should have applied. *Jackson v. Miller*, 260 F.3d 769, 774 (7th Cir. 2001). If a petitioner does not identify clearly established federal law as determined by the Supreme Court, and instead relies upon lower court precedents, there exists no basis for federal *habeas* relief. *See Kane v. Garcia Espitia*, 546 U.S. 9, 126 S.Ct. 407, 408, 163 L.Ed.2d 10 (2005) (per curiam) (*habeas* relief not warranted if prior Supreme Court decision does not provide clear basis for purported constitutional right); *Williams v. Taylor*, 529 U.S. at 412 (the source of clearly established law is restricted to the Supreme Court's jurisprudence).

Under § 2254, a petitioner must fairly present his federal claims to the state courts in one complete round of state appellate review before a federal court may grant *habeas corpus* relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). To satisfy "one complete round" of appellate review in Illinois, he must present his claims on either direct appeal or post-conviction review at each stage of the appellate process, including the Illinois Supreme Court. *Id.* at 847-48; *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

If Vieyra meets the fair-presentment requirement, the court conducts a deferential review of the state court decisions on his claims. 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (federal courts must give the state courts the benefit of the doubt). The court must defer to the state courts if their decisions are reasonable or minimally consistent with the facts and circumstances of the case. *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002). The court must also presume that the state court's factual

determinations are correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Murrell v. Frank*, 332 F.3d 1102, 1111 (7th Cir. 2003). With these principles in mind, the court turns to petitioner's three claims.

## II. Other Crimes Evidence

Vieyra argues the state court violated his constitutional rights when it admitted into evidence allegations regarding previous violent acts he committed against Delamora. Because attempted murder is a specific-intent crime, the state sought to introduce evidence of Vieyra's prior violent acts toward the victim in order to prove his intent to kill. Ex. G at 11-13. Illinois law allows the prosecution to introduce evidence of other offenses if it is relevant for any purpose other than to show the defendant's propensity to commit crime. *People v. Bedoya*, 758 N.E.2d 366, 377 (Ill. App. Ct. 2001). Establishing intent is a relevant purposes justifying admission of other crimes evidence. *Id.* The trial court determined the probative value outweighed the prejudicial effect to Vieyra, and permitted the state to introduce evidence as to five or six acts closest in time to May 8, 2002 (the date of the charged offense).

Nothing here justifies *habeas* relief. Evidentiary rulings of state trial courts are generally not subject to *habeas* review. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Dressler v. McCaughtry*, 238 F.3d 908, 914 (7th Cir. 2001). Although Vieyra challenged the trial court's ruling throughout his post-conviction proceedings as a violation of his Fourteenth Amendment right to due process and equal protection, the state courts treated it as a matter purely of state evidence law. Ex. G at 11-14; Ex. H at 13-14; Ex. L at 11-12. This court's review is limited to questions of federal constitutional law, not whether the trial court correctly applied a state rule of evidence. *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct.

7

602, 163 L.Ed.2d 407 (2005) (state court's interpretation of state law binds a federal court sitting in habeas corpus). In any event, the Illinois appellate courts found the trial court did not abuse its discretion in admitting evidence of Vieyra's prior offenses. Ex. H at 13-14; Ex. K at 1-2.

This court will not grant *habeas* relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Vieyra does not and cannot point to any case from the Supreme Court supporting the proposition that the Fourteenth Amendment prohibits the introduction of other crimes evidence for the purpose of establishing intent. The trial court admitted evidence of his prior acts of violence towards the victim because it felt the probative value as proof of intent to kill outweighed any prejudice to Vieyra. Ex. G at 13. The rule applied was Illinois' equivalent of Fed. R. Evid. 404(b), and Rule 404(b) is not unconstitutional. *Harding v. Sternes*, 380 F.3d 1034, 1048 (7th Cir. 2004); *see also Edmunds v. Deppisch*, 313 F.3d 997, 999 (7th Cir. 2002). Where no Supreme Court precedent exists, the petitioner faces an impossible hurdle in justifying *habeas* relief. *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006). There is no basis for this court to conclude that the state court unreasonably applied clearly established federal law when it admitted evidence of Vieyra's prior offenses.

## II. Ineffective Assistance of Trial Counsel

To demonstrate ineffective assistance of counsel, Vieyra must show both that his counsel's performance was deficient and that he was prejudiced as a result. *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). For representation to be deficient, counsel's performance must fall below an objective standard of reasonableness, and courts indulge a strong presumption that the performance was reasonable. *Strickland v. Washington*, 466 U.S. 668, 688-

8

89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court may dispose of a claim where no prejudice has been shown without first addressing the adequacy of counsel's performance. *Strickland*, 466 U.S. at 697 (if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed). Because the claim is asserted in a *habeas* petition, Vieyra must show the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

First, Vieyra claims his trial attorney was ineffective for stipulating to the testimony of Assistant State's Attorney Taraska. During his post-conviction proceedings, both the circuit court and appellate court concluded that counsel's decision to stipulate did not violate the *Strickland* standard. Ex. H at 9; Ex. K at 1-2. This was a reasonable application of the law. Courts will not second guess decisions that can be characterized as sound trial strategy. *Rodriguez v. U.S.*, 286 F.3d 972, 986 (7th Cir. 2002). Counsel could have reasonably concluded that stipulating to Taraska's testimony would be less harmful than having her testify in front of the jury as to Vieyra's demeanor and inconsistent statements during her interview of him. In any event, Vieyra was not prejudiced by the stipulation because the evidence of his guilt was overwhelming. *Gross v. Knight*, 560 F.3d 668, 671 (7th Cir. 2009) (prejudice under *Strickland* means a reasonable probability that the result of the trial would have been different but for counsel's deficient performance). A cross-examination of Taraska would have done nothing to refute the testimony of the victim or the eyewitness. The court agrees with the state courts that the stipulation did not constitute ineffective assistance of counsel.

Second, Vieyra argues his trial counsel was ineffective for failing to investigate and cross-examine the victim regarding her mental history and her previous claims of assault against him. The state contends that Vieyra procedurally defaulted this issue by not bringing it to the attention of the Illinois Supreme Court in his post-conviction petition for leave to appeal. To preserve a federal claim for *habeas* review, the petitioner must take the claim through each level of the state's established review process, including a petition for discretionary review in the state supreme court if available. *O'Sullivan*, 526 U.S. at 845-48. A petitioner who fails to present his claims to the state's highest court in a petition for discretionary review has not properly exhausted his state court remedies. *Id.* at 848. This failure results in a procedural default that precludes federal review. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

Although Vieyra presented this particular ineffective assistance claim to the circuit court in his post-conviction petition and to the appellate court in response to his counsel's motion to withdraw, he did not reiterate it in his petition for leave to appeal to the Illinois Supreme Court. Exs. G, J, and L. Because the Illinois Supreme Court did not have the opportunity to consider the issue, it is procedurally defaulted. *O'Sullivan*, 526 U.S. at 845-48; *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001) (state courts must be allowed a meaningful opportunity to pass upon the substance of the claim).

## III.  Ineffective Assistance of Appellate Counsel

Lastly, Vieyra argues his counsel on direct appeal was ineffective for failing to raise the issues of his trial counsel's ineffectiveness and the trial court's admission of other crimes evidence. However, he forfeited this claim by failing to carry it through all stages of review. *O'Sullivan*, 526 U.S. at 845-48. Vieyra first raised the issue of his appellate counsel's

10

ineffectiveness in his petition for post-conviction relief. Ex. G at 17. But he made no mention of it in his brief before the appellate court in response to his counsel's motion to withdraw or in his petition to the Illinois Supreme Court for leave to appeal. Exs. J and L. Neither the appellate court nor the Illinois Supreme Court had the opportunity to consider the claim. Vieyra offers nothing to overcome this failure, and the claim is procedurally defaulted. *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (petitioner must show cause and prejudice or a fundamental miscarriage of justice to excuse procedural defaults).

## CONCLUSION

For the foregoing reasons, the petition for a writ of *habeas corpus* is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 10, 2009